NATIONAL PIGMENTS & CHEMICAL CO., Inc., v. SHREVEPORT CHEMICAL CO., Inc., et al.

No. 367.

District Court, W. D. Louisiana, Shreveport Division.

April 28, 1930.

J. G. Palmer, of Shreveport, La., and John H. Bruninga, of St. Louis, Mo., for plaintiff.

Ben E. Coleman, of Shreveport, La., Linton, Kellogg & Smith, of Washington, D. C., and Exby, Moriarty & Pierce, of Memphis, Tenn., for defendants.

DAWKINS, District Judge.

This is a suit for the infringement of certain letters patent for the application of mud-laden fluids to oil and gas wells.

Defendants, after answer, each moved for a separate trial upon the ground that the causes of action alleged against them are distinct and they should not be required to defend all of the issues of the suit together.

■ The action is one, not for the actual use of the material in the drilling of wells, but for contributory infringement in that defendants, the Shreveport Chemical Company, the American Mining & Chemical Company, and Harry B. Rheuark are charged with manufacturing and selling a product known as "mudwate," composed of substantially the same elements, for use in the identical manner and for the same purposes as those covered by plaintiff's patent; while the defendant J. M. Supply Company is alleged to be the distributing agent for the others and to have sold the said product to the trade, and to have distributed the advertising matter issued by them in promoting the sale of the composition. The petition prays for an injunction against all of the defendants and for accountings for profits and damages due to the alleged infringements.

In view of these allegations, the defendants are in effect charged with a joint tort or trespass upon the rights claimed by plaintiff under the patent and may be jointly sued therefor. I do not believe that anything has been disclosed to justify a separation for the purposes of trial, and the motions will be overruled.

■ All of the defendants have likewise excepted to and moved to strike out certain interrogatories propounded to each of them under Equity Rule 58 (28 USCA § 723). Without finding it necessary to discuss the interrogatories complained of in detail, it is sufficient to say that I think each and all of them are pertinent, directed to the establishment of plaintiff's case, and calculated to reduce the issues to the main points in controversy in the case. As to interrogatories Nos. 16, 17, and 18, addressed to J. M. Supply Company, and interrogatories Nos. 35, 36, and 37, propounded to the other defendants, which require the defendants to specify the patents and publications the defendants' will rely upon at the trial, as disclosing or describing the invention or discovery described in the claim and patent in suit, as well as the instances of public use in the United States before the invention for more than two years prior to the application of said patent, I think the defendants should be allowed a reasonable time from the filing of the decree disposing of these motions to strike, within which to furnish said information. I believe that a period of sixty days will be sufficient.

For the reasons assigned, the motions otherwise will be overruled, and a proper decree in accordance herewith may be presented.